UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARNEST A. BRYANT, individually and as parent of minor CHORI BRYANT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 06 C 5697 |
| BOARD OF EDUCATION, DISTRICT 228; OAK FOREST HIGH SCHOOL, DAVID WILSON, DAVID CORBIN, DR. RICHARD MITCHELL, and KEVIN DONEGAN, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions of Defendant Dr. Richard Mitchell ("Mitchell"), the Board of Education of Bremen High School District 228 (the "Board of Education"), Dr. David Wilson ("Wilson"), Dr. David Corbin ("Corbin"), and Kevin Donegan ("Donegan") for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the Defendants' motions are granted.

### BACKGROUND

The following material undisputed facts have been taken from only those portions of the parties statements of material facts that conform with Local Rule 56.1.

*See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 282, 284 (7th Cir. 1997). We have disregarded the following submissions as inappropriate under L.R. 56.1: Plaintiff's statements that are not properly supported by the record, that reference affidavits that conflict with deposition testimony, and that are based on inadmissible hearsay. *See Russell v. ACME Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995); *see also Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

Chori Bryant ("Chori") and his father Earnest Bryant ("Bryant") are African American. Chori is currently a senior at Oak Forest High School ("Oak Forest") in Oak Forest, Illinois; he started as a freshman at the beginning of the 2004-05 school year.

In September 2004, Chori received a disciplinary referral for wearing his pants too low in violation of Oak Forest's dress code. He does not know if there are any other Oak Forest students who also received disciplinary referrals for wearing their pants too low. Chori received another disciplinary referral in October 2004 for failing to follow a District 228 Physical Education Supervisor's instructions to leave an area where two other Oak Forest students were fighting. The Caucasian Oak Forest students who were involved in the incident were also disciplined.

Concerned about the number of disciplinary referrals his son had received, Bryant attempted to contact Wilson in October 2004. However, Wilson never spoke

with Bryant. Instead, Bryant spoke with Donegan, the Dean of Students at Oak Forest, about Chori's referrals.

Donegan told Bryant and Chori that the number of disciplinary referrals Chori received during his freshman year put him at risk of being placed on disciplinary probation. As someone on disciplinary probation, Chori was informed that if he received more than eight referrals, the ninth referral would result in a suspension and a possible recommendation for RISE, an alternative school. During the 2005-06 school year, twelve Caucasian Oak Forest students were also placed on disciplinary probation with a possible recommendation for RISE.

During the end of Chori's sophomore year, he and his father moved outside of District 228. Soon thereafter, Oak Forest sent Bryant a letter telling him that while Chori would be allowed to finish the school year at Oak Forest, he would not be allowed to register for the following school year unless he lived within District 228. Consequently, Bryant was not allowed to enroll Chori at Oak Forest on August 28, 2006.

Bryant met with Wilson to discuss his inability to register Chori for the 2006-07 school year. At the time, Bryant claimed that he lived within District 228. When Wilson asked Bryant to verify his address with a phone bill, Bryant provided Wilson with a fraudulent phone bill for an address in which he had never lived. Bryant also

gave Wilson a fraudulent lease as proof of his residency within District 228. Oak Forest later determined that, like the phone bill, the lease did not reflect the Bryants' true residential address.

Corbin, a District 228 Director of Educational Support Services, has conducted about 30 residency investigations in the past on both Caucasian and African American students in District 228. In the Spring of 2006, Corbin headed a residency investigation on the Bryants. While the residency investigation was pending, Bryant spoke with Mitchell, the superintendent of District 228, to see if Chori would be allowed to play football for Oak Forest during the investigation. Bryant explained that he wanted to pay out-of-district tuition so that Chori could attend and play football for Oak Forest. Mitchell told Bryant that Illinois High School Association ("IHSA") rules prevented non-residents from playing football in IHSA games.[1] Subsequently, the parties agreed that while the residency investigation continued, Chori would be allowed to practice with Oak Forest's football team but not be

---

[1] The IHSA is an association that supervises and regulates all of the interscholastic activities in which its member schools engage, including football. In order to become a member of the IHSA, each school is required to adopt and enforce IHSA rules. One of the IHSA rules states that if a non-resident student participates in an IHSA sanctioned event, the contest in which that student participated is subject to forfeiture.

allowed to play in IHSA games. Bryant later moved into District 228 and Chori was thereafter allowed to play on Oak Forest's football team.

Chori alleges that Defendants' actions violated his rights under the Equal Protection Clause, 42 U.S.C. § 1983, and under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d). He also alleges that Defendants' actions caused him to feel angry and depressed and kept him from wanting to go to school.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has met its burden, the burden shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues that the nonmovant must prove at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements

in affidavits to prove that a material fact is in issue; he must go beyond the pleadings and support his contentions with proper documentary evidence. *Id.*

With these principles in mind, we turn to the parties' motions.

**DISCUSSION**

Chori contends that the instant motion should be denied because genuine issues of material fact exist. As required by Local Rule 56.2, Defendants timely provided Chori with appropriate written notice of the purpose of a summary judgment motion, the proper procedures to respond to such a motion and an explanation of the consequences of failing to do so. *See Timms v. Frank*, 953 F.3d 281, 285 (7th Cir. 1992). Despite such notification, Chori failed to support his contention that factual disputes exist with any record citations. Consequently, we find that no genuine issues of material fact exist, and therefore, turn and address whether Defendants are entitled to judgment as a matter of law.

In our September 2007 memorandum we construed Chori's complaint liberally as alleging a claim under Title VI of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000(d), as well as a claim under the Fourteenth Amendment, 42 U.S.C. § 1983. Since that time, Chori has not amended his complaint so as to add a due process violation count, nor has he ever stated an intention to do so during any of his in court hearings.

Nonetheless, in Chori's responses to Defendants' motions for summary judgment, he attempts to add a due process claim against Defendants. However, because "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment," *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996), Chori's due process claim against Defendants is dismissed as moot.

**I.     Fourteenth Amendment Equal Protection Claim**

To establish liability under the Equal Protection Clause of the Fourteenth Amendment Chori must show that Defendants' actions against him had a discriminatory effect and were motivated by a discriminatory purpose. *Chavez v. Illinois State Police*, 251 F.3d 612, 635-36 (7th Cir. 2001). To prove the existence of a discriminatory effect, the plaintiff must show 1) that he is a member of a protected class, 2) that he is otherwise similarly situated to members of an unprotected class, and 3) that Defendants treated him differently from members of the unprotected class. *See Johnson v. City of Fort Wayne*, 91 F.3d 922, 944-45 (7th Cir. 1996). A person is similarly situated if he is directly comparable in all material respects to another person not in his protected class. *Wyninger v. New Venture Gear*, 361 F.3d 965, 979 (7th Cir. 2004). To prove the discriminatory purpose element, the plaintiff must show that the "decision maker...selected or reaffirmed a particular

course of action at least in part 'because' not merely 'in spite of' its adverse affects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). It must further be shown that the plaintiff was purposefully and intentionally discriminated against based on his membership in a particular class, not just on an individual basis. *Washington v. Davis*, 426 U.S. 229, 242 (1976).

Chori's equal protection claims against Mitchell, Corbin, Donegan, and the Board of Education fail because Chori has not shown that other similarly situated non-African American Oak Forest students were treated differently than he was. To be similarly situated, a plaintiff must show more than a couple of similarities between him and the group; he must show that he and the group are materially identical. *See Miller-El v. Dretke*, 542 U.S. 231, 291 (2005).

What this means in the present case is that to prove that he was similarly situated to other non-African American Oak Forest students, Chori would have had to identify non-African American Oak Forest students who: 1) had received a less severe punishment than Chori had received for the same exact behavior that led up to the disciplinary referral, or 2) had lived outside District 228 and were not the subject of residency investigations by Oak Forest, or 3) had lived outside District 228 and were not prevented from playing on the football team or from registering at Oak Forest at the beginning of the 2005-06 school year, or 4) had received the same

number of disciplinary referrals as Chori had but were not advised that there was a possibility that they might be transferred to RISE. Chori has failed to identify a single person who meets any of these criteria. Moreover, the record indicates that Defendants treated Chori similar to Oak Forest's Caucasian students. As such, summary judgment is granted in favor of Defendants on Chori's § 1983 claim.

## II. Title VI

Title VI provides that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000(d). Individuals cannot be liable under Title VI, *Smith v. Metro. Sch. Dist. Perry Township*, 128 F.3d 1014, 1018-19 (7th Cir. 1997) (only a grant recipient can violate Title IX); *see also Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006) (noting that Title VI and Title IX "both condition...an offer of federal funding on a promise by the recipient not to discriminate" they are interpreted in the same manner). Accordingly, we will only consider Chori's Title VI claim against the Board of Education as it is the only Defendant that is not an individual and that has received Federal financial assistance.

Chori's Title VI claim against the Board of Education is premised on his assertion that the Board of Education prevented him from playing on Oak Forest's

football team at the beginning of his junior year because he is an African American. Such an assertion is not supported by the record. In fact, the record suggests the exact opposite. According to the record, Chori played on Oak Forest's football team during his freshman, sophomore, and senior years and became ineligible during the beginning of his junior year because he had moved outside of District 228. Therefore, because Chori has failed to demonstrate that Defendants prevented him from playing football during the beginning of his junior year because he was an African American, summary judgment on Chori's Title VI claim is granted in favor of the Board of Education.

### III. Intentional Infliction of Emotional Distress

To state a cause of action for intentional infliction of emotional distress "(1) the conduct involved must be truly extreme and outrageous, (2) the actor must either intend that his conduct inflicted severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress[,] (3) and the conduct must in fact cause severe emotional distress." *Honaker v. Smith*, 256 F.3d 477, 489 (7th Cir. 2001). Extreme and outrageous conduct is that which goes "beyond all decency and [which would] be considered intolerable in a civilized community." *Id.*

In the present case, Chori has failed to prove that Defendants' conduct rose to the level of extremity required to support an intentional infliction of emotional distress claim. In fact, the record indicates that Defendants had valid reasons for: (1) issuing Chori disciplinary referrals, (2) preventing him from registering and playing football at Oak Forest at the beginning of his junior year, and (3) advising him that he may be transferred to RISE. Appropriate conduct cannot support a claim for intentional infliction of emotional distress. *Id.* Accordingly, we grant Defendants summary judgment on Chori's claim of intentional infliction of emotional distress.

## **CONCLUSION**

For the aforementioned reasons, Defendants' motions for summary judgment are granted.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated: April 9, 2008